| | |
|---|---|
| 1 | JEREMY A. MEIER - SBN 139849 |
| | JENNIFER M. HOLLY - SBN 263705 |
| 2 | GREENBERG TRAURIG, LLP |
| | 1201 K Street, Suite 1100 |
| 3 | Sacramento, CA  95814-3938 |
| | Telephone:  (916) 442-1111 |
| 4 | Facsimile:  (916) 448-1709 |
| | meierj@gtlaw.com |
| 5 | hollyj@gtlaw.com |
| 6 | Attorneys for Defendant, |
| | MAXIMUS, Inc. |

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBATH PROEUNG, | CASE NO.: |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT; DECLARATION OF JENNIFER M. HOLLY; REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| MAXIMUS, INC., a California Corporation, and DOES 1 through 50, inclusive, | |
| Defendants. | |

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT; DECLARATION OF JENNIFER M. HOLLY; REQUEST FOR JUDICIAL NOTICE

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant, MAXIMUS, Inc. ("MAXIMUS") hereby removes the above-entitled action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§1332 and 1441 (diversity of citizenship jurisdiction). Removal is proper for the following reasons:

## TIMELINESS OF REMOVAL

1.   On November 1, 2013, a civil action was commenced in the Superior Court of the State of California, in the Sacramento, entitled *Sambath Proeung vs. MAXIMUS, Inc. a California Corporation, and Does 1 through 50, inclusive,* Case No. 34-2013-00154132 ("the state court action"). The Complaint alleges (1) disability discrimination; (2) violation of Government Code §12940(m); (3) Violation of Government Code §12940(n); and (4) Wrongful Termination in Violation of Public Policy.

2.   Plaintiff served MAXIMUS on December 11, 2013. MAXIMUS filed its Answer in the Superior Court of the State of California, County of Sacramento. The summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment and Scheduling Information and Notice of Hearing, and the Defendant's Answer are attached as **Exhibit A** to the Declaration of Jennifer M. Holly ("Holly Dec."). Thus, Defendant is informed and believes that the documents attached to this Notice as Exhibit A constitute the entirety of the state court file in this action.

3.   Under 28 U.S.C. §1446(b), the notice of removal shall be filed within thirty (30) days after the receipt by the defendant of the initial pleading. Because the Complaint in this matter was served on December 11, 2013, the last day of the thirty (30) day period has not run. Removal is therefore timely under 28 U.S.C. §1446(b).

## DIVERSITY JURISDICTION

4.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendants pursuant to 28

U.S.C. §1441(b) because this action involves citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### Plaintiff's Citizenship.

5. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is *prima facie* evidence of her domicile. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). Sambath Proeung ("Plaintiff") is now, and was at the time this action was commenced, a citizen of the State of California within the meaning of 28 U.S.C. §1332(a) because his place of residence and domicile is and was within the State of California. (*See,* Complaint and Holly Dec. ¶3).

### Defendants' Citizenship.

6. Pursuant to 28 U.S.C. §1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Defendant MAXIMUS, Inc. is not a California citizen. MAXIMUS is now, and at all times since the commencement of this action has been, a corporation duly organized and existing under the laws of the State of Virginia, with its principal place of business located in Virginia. (Holly Dec. ¶ 5.) Accordingly, MAXIMUS, Inc. is not a citizen of the State of California.

### For Diversity Purposes, the Citizenship of Doe Defendants is Disregarded.

7. The citizenship of fictitious Defendants Does 1 through 50 is disregarded pursuant to 28 U.S.C. §1441(a) which states "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." *Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

### The Amount in Controversy Exceeds the Jurisdictional Limit.

8. While MAXIMUS denies liability as to Plaintiff's claims, MAXIMUS has a reasonable, good faith belief that the amount in controversy, as alleged and pled in this action by Plaintiff, exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and

1  costs. It is well-settled that in determining whether a complaint meets the amount in
2  controversy threshold of 28 U.S.C. §1332(a), a court should consider the aggregate value of
3  claims for compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assurance*
4  *Soc 'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might
5  recover" award of compensatory and punitive damages in excess of amount in controversy
6  requirement); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031-32 (N.D. Cal. 2002)
7  (aggregating claims for compensatory damages, punitive damages and attorneys' fees in
8  determining amount in controversy). Plaintiff's failure to specify the amount of damages
9  sought does not deprive this Court of jurisdiction. *Id.; see also, White v. J.C. Penney Life Ins.*
10 *Co.*, 861 F. Supp. 25, 26 (S.D.W.Va. 1994) (defendant may remove suit to federal court
11 notwithstanding plaintiffs failure to plead a specific dollar amount in controversy; if rules
12 were otherwise, "any plaintiff could avoid removal simply by declining ... to place a specific
13 dollar value on its claim").

14     9.     For damages, Plaintiff prays for general and special damages; incidental and
15 consequential damages; punitive damages; costs of suit and reasonable attorney's fees; and
16 other such costs as the Court may deem just and proper.  Accordingly, this includes a claim
17 for front pay and back pay.  Plaintiff's employment with MAXIMUS was terminated on or
18 about June 27, 2013.  MAXIMUS estimates that the back pay (from the date of termination to
19 the date of filing) Plaintiff will seek to recover is approximately $7,000, and front pay (from
20 the date of filing to e.g., November, 2015) will be at least another $42,000, such that the
21 Plaintiff's claim for lost wages alone will exceed $49,000.  (Holly Dec. ¶6.)

22     10.     Plaintiff also claims medical expenses:  "Plaintiff has incurred and will
23 continue to incur medical expenses for treatment and for incidental medical expenses.
24 Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at
25 trial." (Compl. ¶38.)

26     11.     Plaintiff also claims that "Defendant knew or should have known that its
27 insensitive and unlawful discrimination toward Plaintiff was completely unwarranted,
28

demeaning, threatening and would cause Plaintiff to suffer severe emotional distress." (Compl. ¶18.) Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.,* 209 F. Supp. 2d at 1034; *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial").

12. Plaintiff also seeks punitive damages claiming that the alleged acts were performed with "malice, fraud, oppression and in reckless disregard of Plaintiffs rights." (Compl. ¶20.) Requests for punitive damages must also be taken into account in ascertaining the amount in controversy if they are recoverable as a matter of state law. *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Anthony v. Security Pacific Fin. Servs., Inc.,* 75 F.3d 311, 315 (7th Cir. 1996); *see also, Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.")

13. To establish the amount in controversy, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons,* 209 F. Supp. 2d at 1033; *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005). With respect to the amount of emotional distress, punitive damages and damages stemming from retaliation in controversy in this case, Defendants direct the Court's attention to the following jury verdicts in similar cases:

- In *Lopez v. Bimbo Bakeries USA Inc.,* San Francisco Superior Court No. CGCO5445104 (verdict May 22, 2007), the plaintiff alleged that she was discriminated and retaliated against after she informed her supervisor that she had a medical condition. The jury returned a verdict against defendant for $2,340,700, with $2 million in punitive damages.
- In *Baratta v. Oracle Corp.,* San Francisco Superior Court No. 304221 (verdict August 16, 2000), the plaintiff, a vice president, alleged wrongful discharge in violation of public policy; discrimination due to a medical condition and sex

discrimination in violation if the FEHA; breach of the covenant of good faith and fair dealing arising from an employment agreement; breach of fiduciary duty; and wrongful discharge in retaliation for opposing discrimination in violation of the FEHA. The jury awarded plaintiff $2,471,894 in economic damages, and $190,826 in noneconomic loss.

- In *Carr v. Barabeys Hotel Corp.,* Los Angeles Superior Court No. C756757, the plaintiff, a former hotel employee, alleged that her employment was terminated because she told her manager of a medical condition. The jury awarded plaintiff a $75,817 judgment.

- In *Holmes v. General Dynamics Corp.,* 17 Cal.App.4th 1418 (1993), the plaintiff claimed that he was wrongfully terminated in violation of public policy in retaliation for reporting certain unlawful conduct to management. The jury awarded $106,000 for lost wages and benefits, $200,00 for emotional distress and $500,000 punitive damages.

True and correct copies of the non-reported verdicts cited above are attached as **Exhibit B** to the Declaration of Jennifer M. Holly, and request for judicial notice under FRE 201 is requested.

14. Taken together, these cases show that emotional distress and punitive damage awards can easily exceed $75,000 in employment discrimination cases. Thus, it is clear that, if plaintiff's claims are successful, his claims for damages for purposes of determining the amount in controversy could more likely than not exceed $75,000. *Simmons v. PCR Tech.*, 209 F. Supp. 2d at 1031 (removal is proper where defendant demonstrates it is "more likely than not" that the amount in controversy exceeds $75,000).

15. Plaintiff also seeks his attorneys' fees. (Compl. ¶ 19.) If attorneys' fees are recoverable by the plaintiff under statute or contract, they are included in calculating the amount in controversy. *Gall G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that attorneys' fees are to be included in the amount in controversy if the action is

5

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT; DECLARATION OF JENNIFER M. HOLLY; REQUEST FOR JUDICIAL NOTICE

brought under a statute that "mandates or allows" the recovery of fees).  Here, Plaintiff brings claims under the FEHA which expressly authorizes an award of attorneys' fees to the prevailing party.  Cal. Gov't Code §12965(b).  If this case were litigated through trial, Plaintiff's attorneys' fees alone could exceed $75,000.

16.   Because diversity of citizenship exists between the Plaintiff and Defendant, and the amount in controversy between them is in excess of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. §1332(a)(1), and removal is proper.

**VENUE**

17.   Venue lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§1391(b), 1441(a), 1446(a), and 84(b) because the state court action was filed in this district, and this is the judicial district in which the action arose.

18.   Notice of filing of this removal is being filed with the Superior Court for the State of California, County of Sacramento, and is being served on all parties.

WHEREFORE, MAXIMUS removes this action from the Superior Court of the State of California, County of Sacramento, to the United States District Court for the Eastern District of California.

DATED:  January 9, 2014                                    GREENBERG TRAURIG, LLP


By:     /s/  *Jennifer M. Holly*
     JEREMY A. MEIER
     JENNIFER M. HOLLY
     Attorneys for Defendant,
     MAXIMUS, Inc.

NOTICE OF REMOVAL OF CIVIL ACTION TO U.S. DISTRICT COURT; DECLARATION OF JENNIFER M. HOLLY; REQUEST FOR JUDICIAL NOTICE

# DECLARATION OF JENNIFER M. HOLLY

I, Jennifer M. Holly, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am an associate with the law firm of Greenberg Traurig, LLP, attorneys of record for Defendant, MAXIMUS, Inc.. I have personal knowledge of the matters set forth in this declaration, except as indicated and as to those facts I believe them to be true, and if called to testify to them, could and would do so competently.

2. Attached as **Exhibit A** is a true and correct copy of the original Complaint, Summons, Civil Case Cover Sheet and Notice of Case Assignment and Scheduling Information and Notice of Hearing in this action, along with the Answer filed by Defendant. No other filed pleadings or orders have been served on Defendant or their representatives as of this date. Thus, Exhibit A constitutes the entirety of the state court file in this action.

3. I am informed and believe that Plaintiff resides in Sacramento County, California.

4. Attached as **Exhibit B** are true and correct copies of jury verdicts reported in Mealey's *Jury Verdicts and Settlements Reports and Trial Digest*.

5. I am informed and believe, and thereon upon allege, the following: MAXIMUS, Inc. is now, and at all times since the commencement of this action has been, a corporation duly organized and existing under the laws of the State of Virginia, with its principal place of business located in Virginia.

6. Plaintiff's employment with MAXIMUS was terminated on or about June 27, 2013. I am informed and believe that the back pay from the date of termination to the date of filing is approximately $7,000, and front pay for two years following is approximately $42,000, such that the Plaintiff's claim for lost wages alone will likely exceed $49,000.

I declare under penalty of perjury that the foregoing is true and correct, and that

1 | this Declaration was executed this 9th day of January, 2014 at Sacramento, California.

*/s/ Jennifer M. Holly*
JENNIFER M. HOLLY

# REQUEST FOR JUDICIAL NOTICE

Defendant, by and through its attorneys, requests the Court to take judicial notice pursuant to Federal Rule of Evidence 201 of the following facts:

That the Court's own calendar, standard timeliness for the progress of civil litigation, and the time frames involved in the Federal Rules of Civil Procedure render it unlikely this case will come to trial within twelve (12) months.

That Mealey's *Jury Verdicts and Settlements Reports and Trials Digest* are reliable authority and admissible as an exception to hearsay under FRE 803. True and correct copies of jury verdicts as reported in these publications are attached as **Exhibit B** to the Declaration of Jennifer M. Holly. Federal courts may take judicial notice of proceedings in other courts of record. *Kennard v. Harris Corp.*, 728 F. Supp. 453, 454 (E.D. Mich. 1989).

DATED: January 9, 2014                               GREENBERG TRAURIG, LLP


By: */s/ Jennifer M. Holly*
JEREMY A. MEIER
JENNIFER M. HOLLY
Attorneys for Defendant,
MAXIMUS, Inc.