# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MAXIMUS INC., a California corporation, and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
SAMBATH PROEUNG

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov), *en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org), *en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Sacramento Superior Court
720 Ninth Street
Sacramento, CA 95814

CASE NUMBER: *(Número del Caso):* 34-2013-00154132

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kara Keister (SBN: 250260)
THE LAW OFFICE OF BOWMAN & ASSOCIATES
3841 North Freeway Blvd., Suite 185, Sacramento, CA 95834

DATE: *(Fecha)* NOV 27 2013 Clerk, by *(Secretario)* C. LEURGANS, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Kara Keister (SBN: 250260)
THE LAW OFFICE OF BOWMAN & ASSOCIATES
3841 North Freeway Blvd., Suite 185
Sacramento, CA 95834
TELEPHONE NO.: (916) 923-2800 FAX NO.: (916) 923-2828
ATTORNEY FOR *(Name)*: Plaintiff, SAMBATH PROEUNG

FOR COURT USE ONLY

FILED
Superior Court Of California,
Sacramento
11/01/2013
cleurgans
By ________, Deputy
Case Number:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 Ninth Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: Civil

CASE NAME: SAMBATH PROEUNG v. MAXIMUS INC., et al.

## CIVIL CASE COVER SHEET

- [x] Unlimited (Amount demanded exceeds $25,000)
- [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation

- [ ] Counter
- [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 34-2013-00154132

JUDGE:

DEPT.:

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [ ] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify)*: Four (4)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 31, 2013

Kara Keister
(TYPE OR PRINT NAME)

▶ ________
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

Martin Dean's ESSENTIAL FORMS™

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Robert C. Bowman, Jr. (SBN: 232388)
Kara Keister (SBN: 250260)
**LAW OFFICES OF BOWMAN AND ASSOCIATES**
*A Professional Corporation*
3841 North Freeway Blvd., Ste. 185
Sacramento, CA 95834
T: (916) 923 - 2800
F: (916) 923 – 2828
E: kara@bowmanandassoc.com

Attorney for Plaintiff
SAMBATH PROEUNG

FILED
Superior Court Of California,
Sacramento
11/01/2013
cleurgans
By ______________, Deputy
Case Number:
34-2013-00154132

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF SACRAMENTO**

SAMBATH PROEUNG,

Plaintiff,

v.

MAXIMUS INC., a California corporation, and DOES 1 through 50, inclusive,

Defendants.

Case No.:

COMPLAINT FOR DAMAGES FOR:

1. Disability Discrimination in Violation of Government Code §§ 12900 et Seq. and 12940 et Seq.
2. Failure to Provide Reasonable Accommodation in Violation of Government Code §§ 12900 et Seq. and 12940(m);
3. Failure to Engage in Interactive Process in Violation of Government Code §§ 12900 et Seq. and 12940(n);
4. Wrongful Termination in Violation of Public Policy

[Damages Exceed $25,000]

JURY TRIAL DEMANDED

COMES NOW, Plaintiff, SAMBATH PROEUNG (hereinafter "Plaintiff"), and alleges the following:

**JURISDICTION**

1. Plaintiff was a resident of Sacramento County, State of California and was



LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

at all relevant times herein mentioned employed by MAXIMUS INC., a California corporation doing business in Sacramento County, State of California.

2. Defendant, MAXIMUS INC. (hereinafter "Defendant" or "Employer"), is a California corporation doing business in the County of Sacramento, in the State of California.

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believed and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries.

4. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants were the agent and the employee of their co-Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of their authority as such agents, servants and employees, and with the permission and consent of their co-Defendants.

5. The unlawful employment practices complained of herein occurred in Sacramento County, as did the other acts complained of herein.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

**ADMINISTRATIVE REMEDIES**

6. On or about June 26, 2013, Plaintiff duly presented a discrimination and harassment Complaint against Defendant to the Department of Fair Employment and Housing (hereinafter "DFEH"), for the injuries, disability, losses and damages suffered and incurred by him in reason of the herein described occurrences, all in compliance with the requirements of Section 12948 of the California Government Code. DFEH issued a Right-to-Sue Notice to Plaintiff on June 26, 2013. A true and correct copy of this DFEH Right-to-Sue Notice is attached as Exhibit "A" and is incorporated herein by reference

**FACTUAL BACKGROUND**

7. Plaintiff was hired by Defendant in January 2005 as a Customer Service

Representative.

8. Since the inception of his employment, Plaintiff has proved himself to be dedicated to the growth and success of Defendant. Plaintiff was promoted to Customer Service Supervisor in 2006.

9. On or about June 16, 2008, Plaintiff was injured in a non-work related motor vehicle accident, injuring his back and causing Plaintiff chronic back pain.

10. In January 2012, Plaintiff's back pain became so severe that his physical condition met and still meets the legal definition of disability, pursuant to California Government Code §12926(k).

11. In March, 2012, Plaintiff was informed by his doctors that he would be unable to continue working until he received back surgery.

12. On March 9, 2012, Plaintiff notified JENNY HILDERBRANDT ("HILDERBRANT"), a Human Capital Senior Specialist, about his doctor's orders. Plaintiff then submitted two Family Medical Leave of Absence requests, one for intermittent leave (to account for his previous work absences) and one for continuous leave (to account for his absence through April 20, 2012).

13. In or around April 2012, HILDERBRANDT had Plaintiff fill out a Request for Leave of Absence. The form estimated that Plaintiff would be absent from work from April 30, 2012 to June 8, 2012, allowing Plaintiff the necessary time to recuperate and heal from his serious back surgery.

14. In or around June, 2012, HILDERBRANDT pressed Plaintiff for a definitive return date. Plaintiff's doctor provided a note stating that he anticipated Plaintiff could return to work on November 1, 2012. Plaintiff immediately notified HILDEBRANDT of this new development via telephone. Janet Bucknor ("BUCKNOR") Defendant's Human Resources Director, informed Plaintiff to send an email to her and copy Plaintiff with an updated disability form that he had received from Dr. Paquette. At the end of his email, Plaintiff urged BUCKNOR to contact him with any questions she might have.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

15. On June 26, 2012, while Plaintiff was in the middle of his disability leave, MAXIMUS sent Plaintiff a letter that summarily terminated his employment effective June 27, 2012. In the letter, Lanee Adams (Vice President) acknowledged Plaintiff's request for a reasonable accommodation, but expressly refused his request without explanation or justification.

16. Plaintiff is informed, believes and thereon alleges that Defendant's termination of Plaintiff was illegal, and in violation of the public policy of the State of California.

17. As a result of the aforementioned acts of Defendant, Plaintiff has lost and continues to lose income and benefits and has suffered other incidental and consequential damages and expenses in an amount according to proof at time of trial.

18. Defendant knew or should have known that its insensitive and unlawful discrimination toward Plaintiff was completely unwarranted, demeaning, threatening and would cause Plaintiff to suffer severe emotional distress.

19. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is currently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

20. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

**FIRST CAUSE OF ACTION**

**(Disability Discrimination in Violation of Government Code §§ 12900 et Seq. and 12940 et Seq.)**

21. As a first, separate and distinct cause of action, Plaintiff complains against Defendant, MAXIMUS INC., a California corporation, and DOES 1 through 50, and each of them for cause of action alleges:

22. Plaintiff incorporates herein by reference Paragraphs 1 through 20 of this

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

Complaint as though fully set forth herein.

23. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12900 et Seq. and 12940 et Seq. were in full force and effect and binding on the Defendants. These sections require Defendants to refrain from harassing, discriminating or retaliating against any employee on the basis of, *inter alia*, physical disability and/or perceived disability and medical condition. The statements and conduct on the part of the Defendant complained of herein represent a violation of the Fair Employment and Housing Act and California Government Code sections 12920 and 12940 et Seq. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit "A" attached herewith.

24. At all times mentioned in this Complaint, Defendants employed at least five persons and is therefore a covered employer under the California Fair Employment and Housing Act.

25. Plaintiff was a member of a protected class (disabled) within the meaning of the aforementioned code sections. At all material times hereto, Plaintiff satisfactorily performed his duties and responsibilities as expected by Defendant.

26. Plaintiff was treated differently by Defendant because of his disability. Plaintiff was terminated after taking a leave of absence related to his disability and because he required accommodations.

27. Plaintiff believes and thereon alleges that his disability and/or perceived disability was a factor in Defendant's actions, including the discrimination as set forth above. Plaintiff was treated differently with regard to workplace policies and procedures because of his disability and/or perceived disability. Such discrimination is in violation of Government Code §12940 et seq. and has resulted in damage and injury to Plaintiff as alleged herein.

28. As a proximate result of Defendant's conduct, Plaintiff has lost wages, benefits, and other out of pocket losses all to his damage in a sum according to proof at

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

time of trial.

29. As a further proximate result of Defendant's conduct and the consequences proximately caused by it, Defendant knew or should have known that its insensitive and unlawful discrimination toward Plaintiff was completely unwarranted, demeaning, threatening and would cause Plaintiff to suffer severe emotional distress.

30. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

31. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth herein.

**SECOND CAUSE OF ACTION**

**(Failure to Provide Reasonable Accommodation in Violation of Government Code §§ 12900 et Seq. and 12940(m))**

32. As a second, separate and distinct cause of action, Plaintiff complains against Defendant, MAXIMUS INC., a California corporation, and DOES 1 through 50, and each of them for cause of action alleges:

33. Plaintiff incorporates and re-alleges herein by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

34. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12940 et seq. were in full force and effect and binding on the Defendant. The statements and conduct on the part of the Defendant complained of herein represent a violation of the Fair Employment and Housing Act, specifically California Government Code sections 12940 et seq. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit "A" attached

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

hereto.

35. At all times mentioned in this Complaint, Defendants employed at least five persons and is therefore a covered employer under the California Fair Employment and Housing Act.

36. California Government Code section 12940(m) mandates that an employer make reasonable accommodation for the known physical or mental disability of an applicant or employee.

37. Defendant became aware of Plaintiff's disability immediately after it occurred and in January 2012 and when Plaintiff requested reasonable accommodation for his disability and presented his physician's restrictions to Defendant.

38. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Plaintiff has incurred and will continue to incur medical expenses for treatment and for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

40. Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION**

**(Failure to Engage in Interactive Process in Violation of Government Code §§ 12900 et Seq. and 12940(n))**

41. As a third, separate and distinct cause of action, Plaintiff complains against Defendant, MAXIMUS INC., a California corporation, and DOES 1 through 50, and each of them for cause of action alleges:

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

42. Plaintiff incorporates and re-alleges herein by reference Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

43. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code sections 12900 and 12940 et seq. were in full force and effect and binding on the Defendants. These sections, inter alia, require Defendant, as an employer, to make reasonable accommodation for the known physical disability of the employee as well as to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or medical condition. Cal. Gov. Code §12940(m-n). Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit "A" attached hereto.

44. At all times mentioned in this Complaint, Defendants employed at least five persons and is therefore a covered employer under the California Fair Employment and Housing Act.

45. Defendant became aware of Plaintiff's physical disability when it occurred in 2012 and later when Plaintiff presented his physician's restrictions to Defendant.

46. Defendant initially allowed a reasonable accommodation, however in the middle of his disability leave he received notice that his employment was terminated.

47. As a proximate result of Defendants' conduct, Plaintiff has lost wages, benefits and other out of pocket expenses. Further, Plaintiff has incurred and will continue to incur medical expenses for treatment and for incidental medical expenses. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

48. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendants' future conduct.

49. Plaintiff has incurred and continues to incur legal expenses and attorney's

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this Complaint when the amounts are more fully known.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**

**(Wrongful Termination in Violation of Public Policy)**

50. As a fourth, separate and distinct cause of action, Plaintiff complains against Defendant, MAXIMUS INC., a California corporation, and DOES 1 through 50, and each of them for cause of action alleges:

51. Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 49 of this Complaint as though fully set forth herein.

52. At all times mentioned in this Complaint, the Fair Employment and Housing Act and California Government Code §12900 et seq. were in full force and effect and binding on the Defendant/s. The statements and conduct on the part of the Defendant/s complained of herein represent a violation of the Fair Employment and Housing Act, specifically California Government Code §12900 et seq. Within the time provided by law, Plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right-to-sue letter. See Exhibit A, attached hereto.

53. At all times mentioned in this Complaint, Defendant/s employed at least five persons and was therefore a covered employer under the California Fair Employment and Housing Act.

54. At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §§12900 et seq. and 12940 et seq. was to prohibit employers from discriminating and retaliating against any individual based on their physical disability or because they had a perceived disability. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large.

55. The actions of Defendant/s in discriminating against, retaliating against,

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

and terminating Plaintiff based upon his disability and because he requested a reasonable accommodation is wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12920 et seq. and the laws and regulations promulgated thereunder.

56. As a proximate result of Defendant/s conduct, Plaintiff has lost wages, benefits, and other out of pocket expenses.

57. The above described actions were done with malice, fraud, oppression and in reckless disregard of Plaintiff's rights. Further, said actions were despicable in character and warrant the imposition of punitive damages in a sum sufficient to punish and deter Defendant/s' future conduct.

58. As a further and direct proximate result of Defendants' conduct, Plaintiff has been required to retain legal counsel, all of which entitles Plaintiff to an award of attorney's fees in a sum according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands trial of all issues by jury.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

1. For general and special damages according to proof at time of trial;
2. For incidental and consequential damages according to proof at time of trial;
3. For prejudgment interest at the highest possible rate from the earliest possible date;
4. For costs of suit and reasonable attorney's fee herein incurred, and;
5. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LAW OFFICES OF BOWMAN & ASSOCIATES**
*A Professional Law Corporation*

Dated: October 29, 2013

By: ______________________
Kara Keister, Attorney for Plaintiff,
SAMBATH PROEUNG

LAW OFFICE OF BOWMAN & ASSOCIATES, APC
3841 NORTH FREEWAY BOULEVARD, STE. 185
Sacramento, CA 95834

# Exhibit "A"



STATE OF CALIFORNIA | State and Consumer Services Agency

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR PHYLLIS W. CHENG

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758

800-884-1684 I Videophone 916-226-5285 I TDD 800-700-2320

www.dfeh.ca.gov I email: contact center@dfeh.ca.gov

Jun 25, 2013

Sambath Proeung
9536 Moss Hill Way
Sacramento, CA 95821

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 133530-57463-R
Right to Sue: Proeung / Maximus, Inc.

Dear Sambath Proeung:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Jun 25, 2013 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

**This letter is also your Right to Sue notice.** According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Enclosures

cc: Maximus Health Services, Inc., Maximus Health Services, Inc. Agent for Service for Maximus, Inc., Maximus, Inc. Maximus, Inc.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO<br>STREET ADDRESS: 720 Ninth STREET<br>MAILING ADDRESS: 720 Ninth STREET<br>CITY AND ZIPCODE: Sacramento, CA 95814-1311<br>BRANCH NAME: Gordon O Schaber Courthouse<br>PHONE NUMBER: (916) 874-5522 | FOR COURT USE ONLY |
|---|---|
| SHORT TITLE: Proeung vs. Maximus Inc | |
| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2013-00154132-CU-WT-GDS |

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 07/17/2014 in Department 36 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**

Prior to the filing of the case management statement, the parties should have done the following:
- -Served all parties named in the complaint within 60 days after the summons has been issued
- -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
- -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**

Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**

At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**

Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**

If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 11/27/2013

Gerrit W. Wood, Judge of the Superior Court



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
## 720 9th Street
## Sacramento, CA 95814
## (916) 874-5522—Website www.saccourt.ca.gov

# ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Sacramento (Sacramento County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution.

**What is Alternative Dispute Resolution?**

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration
- Mediation
- Settlement Conferences
- Private judging
- Neutral evaluation
- Mini-trials
- Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Sacramento County Superior Court offers Mediation and Arbitration.

**What are the advantages of using ADR?**

ADR can have a number of advantages over traditional court litigation.

* **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.

* **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)

* **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.

* **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.

* **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

**Arbitration and Mediation**

Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation. The Sacramento County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

**Arbitration.** An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial



Superior Court of California, County of Sacramento
Case Management

**Mediation**. Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

**Note: A *Mediation Statement* must be filed with the *Case Management Statement.***

**ADR Procedures for the Sacramento County Superior Court**

Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this information sheet from the the Court Website, www.saccourt.ca.gov, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Mediation**.
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointment or through a private arrangement. **A *Stipulation and Order to Mediation* may be filed with the court at any time up to 15 calendar days prior to the Case Management Conference (CMC)**. The parties may choose either of the following Mediation choices:

> **Private Mediation**. Parties to a civil action agree to mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount as set by the Mediator (refer to the ADR Panel List for current rates).
>
> **Court Mediation**. Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from the court-approved list of neutrals (ADR Panel List) and compensated pursuant to Local Rule 12.23. The court will confirm the selected Mediator and notice parties by mail.
>
> The Mediator is then responsible for contacting the parties to confirm a date, time, and place for Mediation. Mediators on the court's approved ADR Panel List have agreed to the court's payment schedule of $200 for up to 3 hours of Mediation. In the event the Mediation extends beyond 3 hours and parties determine it would be beneficial to continue the Mediation process; the parties will independently be responsible for compensating the Mediator in an amount as set by the Mediator.

The court's ADR Panel List is available on-line at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the Gordon D. Schaber Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

If the parties do not stipulate to Mediation prior to their CMC, they may indicate their willingness to stipulate to Mediation at the CMC. **In that event, parties must submit a *Stipulation and Order to Mediation (*see attached*)* within 14 calendar days after their CMC.**

**Arbitration**
If the parties do not stipulate to Mediation - plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. Parties will be asked to select an Arbitrator and an alternate Arbitrator from the court's ADR Panel List. The court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties.

Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules Chapter 12, Part 2. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided that they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

**Additional Information**

For more information on the specific ADR programs of the Sacramento Superior Court, please review the Local Rules of the Sacramento Superior Court, available at all court locations and on-line at [illegible].



# SUPERIOR COURT OF CALIFORNIA
## County of Sacramento
720 Ninth Street
Sacramento, CA 95814-1380
(916) 874-5522—Website www.saccourt.ca.gov

## Program Case Notice
### Unlimited Civil Case

The Case Management Program (CMP) requires the following timelines to be met in all cases except those that are excluded by California Rule of Court 3.712(b) and (c):

| Action | Requirement |
|---|---|
| **Service of Summons** | Summons, complaint and program case notice must be served on all named defendants and proofs of service on those defendants must be filed with the court within **60 days** from the filing of the complaint.<br>When the complaint is amended to add a new defendant, the added defendant must be served and proofs of service must be filed within **30 days** after the filing of the amended complaint.<br>A cross-complaint adding a new party must be served and proofs of service must be filed with the court **30 days** from the filing of the cross-complaint. |
| **Statement of Damages** | If a statement of damages pursuant to Section 425.11 of the Code of Civil Procedure or a statement of punitive damages is required, it must be served with the summons and complaint. |
| **Certificate of Service/Ex Parte Application** | Within **75 days** of the filing of the complaint, plaintiff must file a certificate of service or an Ex Parte Application for Extension of Time to Serve Pleading on a form provided by the Judicial Council. |
| **Responsive Pleadings** | If a responsive pleading is not served within the time limits and no extension of time has been granted, the plaintiff within **10 days** after the time for service has elapsed must file a request for entry of default.<br>Parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.<br>No extensions of time to respond beyond **105 days** from the filing of the complaint may be given. |
| **Judgment by Default** | When default is entered, the party who requested the entry of default must apply for a default judgment against the defaulting party within **45 days** after entry of default, unless the court has granted an extension of time. |
| **Case Management Statement** | The court will serve a notice of case management conference on all parties approximately 120 days after the complaint is filed. A case management statement shall be filed at least **15 calendar days** prior to the date set for the case management conference. |
| **Mediation Statement** | The Mediation Statement shall be filed concurrently with the Case Management Statement as required under Local Rule 12.18 unless the parties have filed a Stipulation for Alternative Dispute Resolution form with the ADR Administrator at any time up to 15 calendar days prior to the Case Management Conference. |
| **Meet and Confer** | Parties must meet and confer, in person or by telephone as required in California Rules of Court 3.724 at least **30 calendar days** before the case management conference date. |
| **Case Management Conference** | A case management conference is generally held within **180 days** of the filing of the complaint. |

Failure to comply with the program rules may result in the imposition of sanctions or an order to show cause. Please refer to Local Rule 11.00 for more information.

**NOTE: THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT.**




**SUPERIOR COURT OF CALIFORNIA**
**County of Sacramento**
**720 9th Street**
**Sacramento, CA 95814**
**916-874-5522—www.saccourt.ca.gov**

## CIVIL DEPARTMENT ASSIGNMENT INFORMATION

Implementation of the Court Case Management System has changed the way cases are assigned to the Case Management Program, Law and Motion and Minor's Compromise departments. If your case was filed with the Court prior to the implementation of CCMS, please refer to the chart outlining department assignments for Legacy Cases. If your case was filed with the Court after implementation of CCMS, please refer to the chart outlining department assignments for CCMS Cases.

## Department Assignments for CCMS Initiated Cases

CCMS initiated cases are assigned by the system to the CMP departments using a round robin methodology. The Law & Motion and Minors Compromise departments are based on the CMP department assignment. CCMS initiated cases are cases that were filed with the Court after the implementation of CCMS, November 5, 2007 or after. CCMS case numbers are formatted as follows: *34-2008-0001122.*

| Case Management Program | Law & Motion | Minors Compromise |
|---|---|---|
| Department 35 | Department 54 | Department 17 |
| Department 36 | Department 53 | Department 24 |
| Department 39 | Department 54 | Department 22 |
| Department 44 | Department 53 | Department 45 |

## Department Assignments for Legacy Cases

Legacy cases are assigned to CMP and Minors Compromise departments using the last two digits of the case number. Law and Motion matters are assigned on an odd/even basis. Legacy Cases are cases that were filed with the Court prior to November 5, 2007. Legacy case numbers are formatted as follows: *07AS03344* or *05AM05566.*

| Case Number Ending | Case Management Program | Minors Compromise |
|---|---|---|
| 00 – 24 | Department 36 | Department 24 |
| 25 – 49 | Department 35 | Department 17 |
| 50 – 74 | Department 39 | Department 22 |
| 75 – 99 | Department 44 | Department 45 |

For additional information relative to department assignments or accessing Court tentative rulings, visit our website.

**COURT'S WEB SITE – WWW.SACCOURT.CA.GOV**

JEREMY A. MEIER - SBN 139849
JENNIFER M. HOLLY - SBN 263705
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
meierj@gtlaw.com
hollyj@gtlaw.com

Attorneys for Defendant,
MAXIMUS, Inc.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| SAMBATH PROEUNG,<br><br>Plaintiff,<br><br>v.<br><br>MAXIMUS, INC., a California Corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 34-2013-00154132<br><br>**ANSWER OF DEFENDANT MAXIMUS, INC. TO PLAINTIFF'S COMPLAINT**<br><br>Complaint Filed: November 1, 2013 |

Defendant MAXIMUS, INC., ("MAXIMUS") itself alone and for no other defendants, hereby answers the unverified Complaint filed by Plaintiff SAMBATH PROEUNG ("Plaintiff") on November 1, 2013 as follows:

**GENERAL DENIAL**

Pursuant to the provisions of California Code of Civil Procedure section 431.30, MAXIMUS denies, generally and specifically, each and every allegation in Plaintiff's Complaint. MAXIMUS denies further, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act, omission or other conduct on the part of MAXIMUS, or on the part of any of its agents or representatives. MAXIMUS denies further, generally and specifically, that Plaintiff is entitled to any of the relief sought in the Complaint.

**DEFENSES TO ALL CAUSES OF ACTION**

In addition, MAXIMUS alleges and asserts the defenses set forth herein. By pleading these defenses, MAXIMUS does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Because of the vague language and allegations in the Complaint, including but not limited to several allegations that render the Complaint uncertain pursuant to California Code of Civil Procedure section 430.10(f), MAXIMUS cannot anticipate all possible defenses at this time. As such, MAXIMUS reserves its right to add additional separate defenses at an appropriate time. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff's Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted against MAXIMUS.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiff's Complaint, and all causes of action attempted to be set forth therein, are barred, in whole or in part, by the application statutes of limitation including, but not limited to, California Code of Civil Procedure §§339, 340, 338 and 343, and California Government Code §§12960 and 12965.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Take Preventive Action)**

The Complaint, and each purported cause of action contained therein, is barred in whole or in part because Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities to avoid harm.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches, Estoppel, Unclean Hands)**

The Complaint is barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived the right, if any, to pursue the claims in the Complaint, and each purported cause of action contained therein, by reason of his own actions and course of conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Damages)**

Plaintiff has not been damaged in the sums or manner alleged, or in any sum or manner, or at all.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

By exercise of reasonable efforts, Plaintiff could have mitigated the amount of damages that he allegedly suffered, but Plaintiff failed, and continues to fail to exercise reasonable efforts to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

**(No Standing)**

MAXIMUS is informed and believes and based thereon alleges that Plaintiff lacks standing, and Plaintiff is thereby barred from asserting any claim against MAXIMUS.

**NINTH AFFIRMATIVE DEFENSE**

**(Lack of Intent)**

Plaintiff's Complaint, and all causes of action attempted to be set forth therein, fails to state a

claim for relief against MAXIMUS because MAXIMUS lacked the requisite intent to cause the alleged harm.

**TENTH AFFIRMATIVE DEFENSE**

**(Management Privilege)**

Any and all conduct of which Plaintiff complains or which is attributed to MAXIMUS were a just and proper exercise of management discretion, and at all times privileged and justified and undertaken for fair and honest reasons, in good faith and without malice.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Liability on Plaintiff's causes of action is barred, or alternatively any damages awarded must be reduced, to the extent Plaintiff engaged in any fraud or misconduct which, if known, would have caused his employment to be terminated, or which would have resulted in him not being hired in the first instance.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Frivolous Action)**

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good faith argument for extension, modification, or reversal of exhibit law. As a result of Plaintiff's filing of his Complaint, MAXIMUS has been required to obtain the services of the undersigned attorneys, have incurred, and will continue to incur, substantial costs and attorneys' fees in defense of his frivolous case. MAXIMUS is, therefore, entitled pursuant to Code of Civil Procedure §§128.6 and 128.7 to recover reasonable attorneys' fees, expenses, and costs incurred by and through his action in accordance with statute.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Inducement)**

Plaintiff is stopped from asserting all causes of action attempted to be set forth in his Complaint because Plaintiff has, by his own conduct, intentionally induced and/or caused the alleged conduct of which he now complains.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

Plaintiff's Complaint, and all causes of action attempted to be set forth therein, are barred by California Labor Code §2922, in that Plaintiff's employment was for no specified term and could be terminated at will, with or without cause.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Vague and Ambiguous)**

Plaintiff's Complaint, and all causes of action attempted to be set forth therein, are barred because any alleged employment agreement was vague and ambiguous.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

Plaintiff's Complaint, to the extent it seeks to impose joint and several liability on MAXIMUS, violates MAXIMUS's rights to protection from "excessive fines," as provided in Article I, Section 17 of the Constitution of the State of California and, therefore, fails to state a cause of action supporting the exemplary, double, or punitive damages claimed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Indemnity)**

To the extent Plaintiff seeks to hold MAXIMUS responsible for the acts or omissions of third parties, including other defendants, the third party and/or other defendants are obligated to indemnify MAXIMUS for Plaintiff's purported loss.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(No Injury)**

Plaintiff sustained no injury or damages by reasons of any act of MAXIMUS.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Discrimination)**

Plaintiff's discrimination claims are precluded as Plaintiff cannot establish that any adverse employment action was taken against him on the basis of his membership in any protected class.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Plaintiff's Failure to File Timely Administrative Charge)**

Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction over them, to the extent he failed to file a proper charge with an appropriate administrative agency within the required legal deadlines including, but not limited to, the deadlines under Government Code § 12940, *et seq.*

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Plaintiff's Failure to Exhaust Administrative Remedies)**

Plaintiff's causes of action are barred, in whole or in part, to the extent he failed to exhaust required administrative procedures or remedies or otherwise failed to complete, in a timely manner, those administrative steps that are a necessary prerequisite to the filing of the Complaint.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Workers' Compensation Preemption)**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress, or any disability, are barred and preempted by the exclusivity provision of the California Workers' Compensation Act. California Labor Code §3600, *et seq.*

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Legitimate Non-Discriminatory Factors)**

Plaintiff may not obtain any of the relief requested in his Complaint because any adverse employment action(s) taken against him were based upon legitimate, non-discriminatory and non-retaliatory factors unrelated to Plaintiff's injury, or participation in any alleged protected activity and free from unlawful discrimination or retaliation of any kind.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Privilege)**

MAXIMUS at all times was legally privileged to commit the acts alleged in the Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Apportionment of Liability)**

MAXIMUS is informed and believes, and on that basis alleges, that any violations of law, losses or damages as alleged in the Complaint (without admitting that any did occur) were proximately caused

by persons or entities other than MAXIMUS, and the liability of such persons or entities should be apportioned according to the relative degrees of fault, and the liability of MAXIMUS, if any, should be reduced accordingly.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Intervening, Superseding Acts)**

The Complaint, and each cause of action or claim for relief contained therein, is barred, in whole or in part, by the virtue of an independent intervening or superseding cause over which MAXIMUS had no control.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Assumption of Risk)**

The Complaint, and each cause of action or claim for relief asserted therein, is barred because Plaintiff's injuries, if any, are the result, in whole or in part, of Plaintiff's assumptions of risk.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

The Complaint, and each cause of action or claim for relief asserted therein, is barred, in whole or in part, because Plaintiff would be unjustly enriched if it prevails on any of the causes of action or claims for relief.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

The Complaint, and each purported cause of action or claim for relief contained therein, is barred because the violations, losses, harms, injuries or damages alleged in the Complaint were proximately caused by acts, omissions, negligence, fraud or breach of obligations by persons or entities other than MAXIMUS.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(No Control)**

The Complaint, and each cause of action or claim for relief asserted therein, is barred because Plaintiff's injuries, if any, were solely caused by matters or conditions not under MAXIMUS's control, or by conduct by parties over which MAXIMUS had no control, including Plaintiff.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Duress, Abandonment, Concealment, Non-Disclosure)**

The Complaint, and each cause of action therein, is barred by the equitable doctrines of duress, abandonment, concealment and/or non-disclosure.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Satisfaction)**

To the extent that MAXIMUS had any obligations to Plaintiff, those obligations, and all of them, have been satisfied.

THIRTY-THIRD **AFFIRMATIVE DEFENSE**

**(Not Substantial Factor)**

MAXIMUS's conduct was not a substantial factor to any damages Plaintiff alleged or suffered.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(Defendant's Right to Attorneys' Fees)**

MAXIMUS is entitled to recover all attorneys' fees and costs incurred herein, insofar as any and all of the claims alleged in the FAC are frivolous, unreasonable or without foundation.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

Plaintiff's Complaint is barred in whole or in part by federal preemption.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Statute of Frauds/ Parole Evidence Rule)**

Plaintiff's Complaint, and each cause of action therein, is barred by the Statute of Frauds and/or parole evidence rule.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages for Good Faith Conduct)**

Plaintiff is not entitled to recover any punitive damages against Defendants for decisions or actions that are contrary to the policies that Defendants instituted in good faith against wrongful and unlawful conduct.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Right To Amend)**

MAXIMUS hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery in this action and reserves its right to amend this answer to assert any such defenses.

**Prayer for Relief**

WHEREFORE, MAXIMUS respectfully requests that this Court enter judgment in its favor and as follows:

1. That the Complaint herein, and each purported claim contained therein, be dismissed with prejudice, and that judgment be entered for MAXIMUS;
2. That Plaintiff take nothing;
3. That MAXIMUS be awarded its reasonable attorneys' fees;
4. That MAXIMUS be awarded its costs of suit herein; and
5. That MAXIMUS be awarded such other and further relief that the Court may deem just and proper.

Dated: January 17, 2014

GREENBERG TRAURIG

By: Jennifer M. Holly
JEREMY MEIER
JENNIFER M. HOLLY
Attorneys for Defendant,
MAXIMUS, Inc.