UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBATH PROEUNG, | No. 2:14-cv-00063 KJN |
| Plaintiff, | |
| v. | ORDER |
| MAXIMUS, INC., | |
| Defendant. | |

On January 9, 2014, defendants filed a notice of removal removing this action from the Solano County Superior Court. (Notice of Removal, ECF No. 1.)[1] The notice of removal invoked the court's subject matter jurisdiction on the basis of diversity of citizenship. (Id.) According to the notice of removal and case documents accompanying the notice of removal, the action was filed in state court on November 1, 2013; defendants were served with the complaint on December 11, 2013; and defendants filed an answer to the complaint. (Id.; ECF No. 1-1 at 23-31(defendant's answer).)

On April 3, 2014, United States Chief District Judge Morrison C. England, Jr., issued an order reassigning this case to the undersigned for all purposes, including trial. (ECF No. 10

---

[1] This matter proceeds before the undersigned as a result of the parties' voluntary consent to the jurisdiction of the undersigned for all proceedings in this case, including trial and entry of final judgment, and an order dated April 4, 2014. (ECF Nos. 5, 9, 10). See 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rules 301, 305.

1 (citing 28 U.S.C. § 636(c); E. Dist. Local Rule 305).)  No Status (Pretrial Scheduling) Conference
2 has yet occurred in this action, and no Scheduling Order is yet in place.
3      Pursuant to Federal Rule of Civil Procedure 16 and Eastern District Local Rule 240, IT IS
4 HEREBY ORDERED that:
5      1.  A Status (Pretrial Scheduling) Conference is set for **June 19, 2014, at 10:00 a.m., in**
6 **Courtroom No. 25** before the undersigned.  All parties shall appear by counsel or in person if
7 acting without counsel.
8      2.  Not later than fourteen (14) days prior to the Status Conference, the parties shall file
9 status reports briefly describing the case and addressing the following:
10           a.  Service of process;
11           b.  Possible joinder of additional parties;
12           c.  Any expected or desired amendment of the pleadings;
13           d.  Jurisdiction and venue;
14           e.  Anticipated motions and their scheduling;
15           f.  The report required by Federal Rule of Civil Procedure 26 outlining the
16 proposed discovery plan and its scheduling, including disclosure of expert witnesses;
17           g.  Future proceedings, including setting appropriate cut-off dates for discovery
18 and law and motion, and the scheduling of a pretrial conference and trial;
19           h.  Special procedures, if any;
20           i.  Estimated trial time;
21           j.  Modifications of standard pretrial procedures due to the simplicity or
22 complexity of the proceedings.
23           k.  Whether the case is related to any other cases, including bankruptcy;
24           l.  Whether a settlement conference should be scheduled;
25           m.  If they have not already so stipulated, whether counsel will stipulate to the
26 magistrate judge assigned to this matter acting as settlement judge and waiving disqualification
27 by virtue of his so acting, or whether they prefer to have a settlement conference conducted
28 before another judge;

n. Whether the case should be briefly stayed and referred to the court's Voluntary Dispute Resolution Program ("VDRP") before further significant litigation expenses are incurred; and

o. Any other matters that may add to the just and expeditious disposition of this matter.

3. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

4. All parties and counsel are reminded of their continuing duty to notify chambers immediately of any settlement or other disposition. See E.D. Local Rule 160.

5. In addition, the parties are cautioned that pursuant to Local Rule 230(c), a written opposition to granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 230(i) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions.

IT IS SO ORDERED.

Dated: April 14, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE