JEREMY A. MEIER - SBN 139849
JENNIFER M. HOLLY - SBN 263705
GREENBERG TRAURIG, LLP
1201 K Street, Suite 1100
Sacramento, CA 95814-3938
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
meierj@gtlaw.com
hollyj@gtlaw.com

Attorneys for Defendant,
MAXIMUS, Inc.

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMBATH PROEUNG,<br><br>    Plaintiff,<br><br>    v.<br><br>MAXIMUS, INC.,<br><br>    Defendant. | No. 2:14-cv-00063-KJN<br><br>**STIPULATION AND [PROPOSED] PROTECTIVE ORDER** |

Upon consideration of the stipulation by Plaintiff SAMBATH PROEUNG ("Plaintiff") and Defendant MAXIMUS, INC. ("MAXIMUS"), individually referred to as "Party" and collectively referred to as the "Parties," as reflected by their attorneys' signatures herein for a Protective Order concerning certain information and documents provided during the course of this litigation, which the Parties claim constitute trade secret, commercially sensitive, private and/or confidential information according to current law, and it appearing to the Court that sufficient good cause exists for the issuance of a Protective Order, it is ORDERED as follows:

    1.    Any Party responding to any information exchange arising from this action, or any future discovery, who objects to the disclosure of information it deems to be confidential,

protected by the right of privacy, proprietary, trade secret, confidential information of third parties, third party privileges, work product of experts, or otherwise protected or prohibited by law from disclosure (hereinafter referred to as "Protected Information") may disclose such Protected Information pursuant to this Protective Order ("Order").

2. Any person, entity or Party may designate ("Designating Party") as "Confidential" those documents and information the person, entity or Party contends are protected or prohibited by the law from disclosure, including without limitation, research, prices and costs, information which is confidential pursuant to an agreement with a third party, expert work product, or other commercial documents or information; or documents or information which reveal private information of the Parties or others, including, but not limited to, personal phone numbers and addresses, and information posted on, contained on, or saved by social and/or professional networking sites which is protected by privacy settings available on those sites so as not to be viewable by the general public without consent of the account holder. Social and/or professional networking sites ("SNS"s) include Facebook, Twitter, MySpace, Friendster, LinkedIn, Google Plus, and similar internet-based systems.

3. Any Confidential documents produced pursuant to this Order shall be stamped on the first page of the document and on every page of the document that is subject to this Order:

"CONFIDENTIAL INFORMATION - FOR USE ONLY IN

PROEUNG V. MAXIMUS, INC.;

or

"CONFIDENTIAL";

or substantially similar language that includes a consecutively numbered Bates Stamp, so as to identify all documents that pertain to this Order.

4. As to discovery, the Designating Party may respond to any written discovery and disclose and produce Protected Information as follows:

a. Interrogatories: Clearly designating Protected Information contained within the interrogatory response in the language and manner provided in Paragraph 3 above.

////

2

        b.      Requests for Production of Documents: Producing documents that contain Protected Information in the manner provided in Paragraph 3 above.

        c.      Requests for Admissions: Clearly designating Protected Information contained within the Request for Admission response in the language and manner provided in Paragraph 3 above.

5.      The disclosure of Protected Information to any Party to this action or otherwise shall only be made as provided for herein. Unless this Order states otherwise, the Protected Information produced pursuant to this Order is to be used only by the persons authorized under this Order and solely for the purpose of preparing for and conducting the above-entitled litigation, or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, except as otherwise provided herein.

6.      Unless this Order states otherwise or absent prior leave of Court, Protected Information is to be produced only to the Parties and their counsel who have executed this Order, and it is to be used only by the Parties, their counsel, experts and consultants (as provided in Paragraph 7), solely for the purpose of preparing for and conducting the litigation and is not to be shown to, discussed with or otherwise disclosed to any other person or entities.

7.      Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as Confidential shall not be disclosed to any person or entity other than the following:

        a.      The named parties, and employees or representatives of any party who are assisting counsel in this action and who agree to be bound by the terms of this Order whose counsel of record in this action has executed this Order;

        b.      Counsel for the respective Parties whose firm is counsel of record in this action or are otherwise assisting in the litigation and whose law firm or office has executed this Order;

        c.      The Parties' House Counsel, their paralegals and administrative assistants;

        d.      Consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in this action, but only if (1) it is

1 reasonable to disclose the document or information to them for purposes of this action; (2) they
2 are not Parties; (3) they are not officers, directors or employees of Parties, of affiliates of Parties,
3 or of competitors of Parties; and (4) they have signed a declaration in the form of Exhibit 1;

4      e.     Secretaries, paralegals and other clerical or support personnel employed by
5 or retained by counsel for a Party, but only if (1) it is reasonable to disclose the document or
6 information to them for purposes of this action; (2) they are not Parties; and (3) they are not
7 officers, directors or employees of Parties, of affiliates of Parties, or of competitors of Parties;

8      f.     The Court, including judicial employees and all other necessary personnel,
9 including court reporters employed by or retained by the Court;

10      g.     Jury members selected for trial in this Action;

11      h.     A court reporter and/or videographer retained by one or more of the Parties
12 for purposes of this litigation who has executed a declaration in the form of Exhibit 1;

13      i.     The author, addressee or any other person or entity identified as a recipient
14 of specified Confidential Information who would otherwise be entitled to receive it;

15      j.     Any other person identified in the discovery response, deposition
16 testimony, or document as having knowledge of the specified confidential Information; and

17      k.     Any witnesses testifying under oath during trial or other hearing in this
18 litigation.

19      8.     No Party, other than the Designating Party, shall disclose or disseminate any
20 Protected Information produced by another Party pursuant to this Order to its experts or
21 consultants until the experts or consultants have executed a declaration in the form attached as
22 Exhibit 1. If any such declaration is signed by an expert later designated pursuant to Federal Rule
23 26(a)(2), that declaration shall be placed in the expert's file, and provided upon request by the
24 Party whose Protected Information was reviewed by the expert. Original declarations signed by
25 experts not designated pursuant to Federal Rule 26(a)(2) shall be maintained by the Party
26 consulting such expert and shall be submitted to the Court for in camera review on request by the
27 Court or by court order after the motion of any Party for such a review, based on a showing of
28 good cause, for an alleged breach of the Order.

9. Except as provided herein, the Protected Information produced pursuant to this Order is to be used only by the Parties' counsel (and their staff) and outside experts and consultants, solely for the purpose of preparing for and conducting the litigation. The Parties' counsel, experts and consultants understand and agree that this information is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, including Parties to this action, except as otherwise provided herein, without prior order of the Court.

10. If a Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraph 7, then the following procedures shall be followed:

    a. If a Party anticipates that Protected Information will be divulged in deposition, it shall provide notice to the Designating Party prior to questioning at the deposition. The Party may not divulge Protected Information during the deposition in the absence of an agreement with the Designating Party, or a court order permitting the disclosure, unless the deponent is shown on the document as an author or recipient or who otherwise has been privy to the Protected Information.

    b. Any questioning of the deponent that relates to any Protected Information shall be conducted with only the following persons entitled to be present: (1) the deponent, who is permitted access to the information under this Order and has executed a declaration in the form of Exhibit 1; (2) counsel representing the deponent who has executed a declaration in the form of Exhibit 1 or from whose firm an attorney has executed this Order; (3) any designated representative of the Designating Party producing the Protected Information; (4) counsel for the propounding Party; (5) the court reporter, who has executed a declaration in the form of Exhibit 1; (6) any other person authorized to be present by prior order of the Court; (7) any other person authorized to be present by counsel to the Designating Party; and (8) any counsel (or their staff) for other parties, assuming they, or an attorney from their firm, have executed this Order.

    c. The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL" if so designated by the court reporter, and shall not be made part of the public transcript. The sealed portions of the transcript may only be

provided to the persons identified in Paragraph 7 as stated therein.

      d.    If documents containing Protected Information are used in deposition, they shall be marked pursuant to Paragraph 3 and shall be attached only to the transcript.

      e.    Within fifteen (15) days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL" any portion of the deposition transcript containing such information. The Party seeking to mark a deposition transcript, or portions of a deposition transcript, as "CONFIDENTIAL" after the certified transcript has been prepared shall promptly notify all persons who were present at the deposition of its intent to do so, shall instruct the court reporter to conform the deposition transcript to Paragraph 10.c., and shall bear all reasonable costs related thereto.

      f. A Designating Party may de-designate any portion of the deposition transcript that the Party previously had designated as Protected Information, by promptly notifying in writing all other parties and all persons who were present at the deposition of its intent to de-designate. The notice shall identify with specificity the portion or portions of the transcript that no longer are designated as Protected Information.

11.    Any motions or pleadings or any other court filings that may reveal Protected Information subject to this Order shall be submitted in accordance with E.D. Cal. L.R. 141.

12.    Intentional disclosure of Protected Information in violation of this Order may subject the violating Party and/or its attorney to sanctions for contempt of court, as well as any other statutory or common law remedies that may be available to the Designating Party.

13.    Nothing in this Order shall limit a person or entity's right to seek or object to discovery of and/or the disclosure of information or documents on any basis, including, but not limited to, being Protected Information, alter the burdens for objecting to or obtaining discovery of Protected Information, or affect the admissibility or inadmissibility of any Protected Information that is not publicly available.

14.    Nothing in this Order shall prevent a Designating Party from disclosing its own Protected Information to any person or otherwise using that information for purposes of this litigation. Whether such disclosure waives the protection of this Order or results in that material

1  disclosed becoming discoverable by other parties, shall be determined by the Court according to
2  the facts and the relevant law.

3      15.    If a Party inadvertently produces Protected Information without designating it as
4  such in accordance with Paragraph 3, that Party shall notify the propounding Party of the proper
5  designation of the Protected Information as soon as practical after discovery of the error by the
6  Designating Party. The Designating Party shall provide the propounding Party with a replacement
7  of the Protected Information marked in accordance with this Order. Upon receipt of the properly
8  designated document: (a) the document or information shall be treated by the propounding Party
9  as if it had been timely designated as Protected Information under this Order; and (b) the
10 propounding Party shall use reasonable efforts to identify any other persons or entities to whom
11 the information in question was given. It shall then be the burden of all Parties to collect in good
12 faith all such Protected Information from persons and entities who would not have been entitled
13 access thereto if the document or information had been so designated at the outset. At such time,
14 the propounding Party shall use reasonable efforts to protect from disclosure any unmarked
15 copies of the Protected Information in the propounding Party's possession, by destroying or
16 returning to the Designating Party any unmarked copies of the Protected Information in the
17 propounding Party's possession. The inadvertent disclosure or inadvertent mis-marking by a
18 Designating Party of documents or information that the Party believes to be Protected shall not
19 automatically be deemed a waiver in whole or in part of any Party's claim of confidentiality,
20 either as to the specific document or information disclosed or as to any other document or
21 information relating thereto or concerning the same or related subject matter. However, any Party
22 may claim that the intentional disclosure of Protected Information by the Designating Party to
23 anyone other than the Designating Party and its counsel, without the Confidential designation, be
24 deemed a waiver of any claimed protection.

25     16.    If copies of that information is inadvertently or intentionally produced in discovery
26 and is subject to a claim of privilege or of protection as attorney work product, the Party making
27 the claim may notify any Party that received the information of the claim and the basis for the
28 claim. After being notified of a claim of privilege or of protection, the Party that received the

information shall immediately sequester the information and either return the specified information and any copies that may exist or present the information to the Court conditionally under seal for a determination of the claim. Prior to the resolution of the motion for determination of the claim, a Party shall be precluded from using or disclosing the specified information until the claim of privilege is resolved. A Party who received and disclosed the information before being notified of a claim of privilege or of protection shall, after that notification, immediately take reasonable steps to retrieve the information. If the receiving party contests the legitimacy of a claim of privilege or protection, a motion seeking a determination of the propriety of the claim must be filed within 30 days of receiving the claim. The information at issue shall be provided to the Court conditionally under seal. Until the legitimacy of the claim of privilege or protection is resolved, the receiving Party shall preserve the information and keep it confidential and shall be precluded from using the information in any manner.

17.  If a Party grants another party access to SNS information, either by providing the other Party his login information or by signing a release directing the SNS to release material to the other Party, the Party granting such access shall have thirty (30) days from the receipt of or access to that information by receiving or accessing Party to review the information. During those 30 days, the information shall be treated as Confidential information. Upon expiration of those 30 days, it shall not be treated as Protected Information unless the Party granting access specifies that specific portions of the SNS are Confidential. The 30-day period may be extended or shortened by written agreement of the Parties or by court order. Disputes regarding a designation of SNS material as Confidential shall be governed by paragraph 19.

18.  Nothing in this Order shall be deemed to preclude a Party that has designated a document or information as Protected Information from removing that designation at any time. The Designating Party shall notify all Parties in writing of its intent to de-designate, upon which the document or information shall no longer be treated as Protected Information under this Order.

19.  Nothing in this Order shall be deemed to preclude the Parties from seeking permission of the Court to release information designated as Protected Information. Nothing in this Order alters the burdens of discovery under the law for withholding or having access to

Protected Information. If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

    a.    In the event that a Party's counsel believes, in good faith, that a document or information produced or disclosed which has been designated as Protected Information, under the Order is not Protected Information, counsel shall send counsel for the Designating Party a written request specifically identifying the information or document (by Bates-number if provided), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Order. Within ten (10) business days of receipt of such a written request, counsel for the Designating Party shall meet and confer.

    b.    If the requesting Party and Designating Party are unable to agree within the ten (10)-day period under Paragraph 19.a. upon a satisfactory resolution, the Designating Party may seek a protective order concerning such information or documents which has previously been produced or disclosed under the Order within fifteen (15) business days after the expiration of such ten (10)-day meet and confer period (or any additional period agreed to, in writing, by the requesting Party). If the Designating Party fails to seek a protective order within such time period, the Designating Party shall be deemed to have consented to the change in designation sought by the requesting Party.

    c.    If the Designating Party seeks a protective order pursuant to Paragraph 19.b., no Party may disclose Protected Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or the Court has issued an order allowing disclosure or as otherwise ordered by the Court.

20.    This Order in no way alters the law regarding the type of information that may be deemed Protected Information, nor the burdens for demonstrating confidentiality or the right to discovery of Protected Information. Nothing in this Order shall be deemed to preclude the Parties from requesting the Court, by noticed motion, to modify the terms of the Order regarding the treatment of Protected Information. This provision shall not be construed as an agreement by any Party to such a modification, and, in the event that such modification is sought, the Parties reserve the right to raise any and all arguments and to invoke any and all laws in opposition to such

modification. Any modification sought shall not apply unless and until ordered by the Court.

21.     Any Party who receives a subpoena or other process from a non-party, or order, to produce or disclose Protected Information shall provide the Designating Party with written notice thereof (which notice shall include a copy of the subpoena or other process or order or other information necessary to reasonably inform) within seventy-two (72) hours of receipt of said written notice to enable that Party to take whatever action it deems appropriate. The Designating Party may then seek an order from the Court issuing the subpoena, process, or order that prohibits and/or limits the scope of any disclosure, and shall provide notice of such application to the Party receiving the subpoena or other process or order. The Party receiving the subpoena, process, or other order may comply with the subpoena, process, or order on the last day specified for compliance therewith, unless the Designating Party has sought an order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of the Court prohibiting and/or limiting the scope of any disclosure. Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 19 of this Protective Order.

22.     Within ninety (90) days of any written request made after the termination of this litigation, including appeals, the Party to whom the Protected Information was produced shall either: (1) return all such Protected Information and all copies, portions, excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designating Party with a written certification that all Protected Information provided to them, as well as all Protected Information they provided to others, has, to the best of their knowledge, been destroyed.

23.     The Court shall retain jurisdiction following termination of this litigation for the purpose of enforcing any provisions of this Order.

24.      This Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court.

////

////

////

IT IS SO STIPULATED:

Dated: 5/1/14          **LAW OFFICES OF BOWMAN AND ASSOCIATES**

BY: /s/ David P. Foos

Robert. C. Bowman

David P. Foos

Attorneys for Plaintiff


Dated: 5/15/14         **GREENBERG TRAURIG, LLP**

BY: /s/ Jennifer M. Holly

Jeremy A. Meier

Jennifer M. Holly

Attorneys for Defendant

MAXIMUS, Inc.

IT IS SO ORDERED.

Dated:  May 20, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

I _____ [name] have read the Protective Order, attached hereto as Exhibit A, entered by the Court in the action entitled: <u>PROEUNG V. MAXIMUS, INC.</u>, in the United States District Court, Eastern District of California (Case No. 2:14-cv-00063-MCE-KJN) and agree, on behalf of myself, and those in my organization, _____, that if any Protected Information is provided to me pursuant to the terms of the Order, I and those in my organization will be bound by and comply with the terms of the Protective Order and will maintain that information as confidential in the manner designated under the Order. I will not disclose Protected Information to others, including those in my organization, unless permitted under the Order.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

Name: _____

For: _____